IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES TROTTER,

    Petitioner,                             No. CIV S-10-2071 GGH P

   vs.

ARNOLD SCHWARZENEGGER,

    Respondent.[1]                  ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has purported to file both a habeas petition, pursuant to 28 U.S.C. § 2254, and a civil rights action, pursuant to 42 U.S.C. § 1983.[2] Petitioner has not filed an application to proceed in forma pauperis or paid the filing fee. The gravamen of his petition/complaint appears to center on a prison disciplinary process/conviction that occurred at California State Prison-Los Angeles County, which is in the Central District of

---

[1] Should petitioner file an amended petition, he is cautioned to name the proper respondent. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). In the instant action, petitioner has improperly named the governor of California as respondent.

[2] Petition, pp. 1-5.

1 California. On the other hand, he also complains about being housed within the administrative
2 segregation unit at California Correctional Institution (the proper venue for which is within the
3 Fresno Division of the Eastern District of California). Petitioner further confuses the issue in this
4 improperly hybrid filing consisting mostly of inchoate and disorganized claims by seeking both
5 relief available only by way of a civil rights action (punitive damages) and relief available only
6 by way of a habeas petition (restoration of lost time credits).

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), we held that where success in a prisoner's §1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. Accordingly, in <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), we applied <u>Heck</u> in the circumstances of a §1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good-time served. In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies. Federal petitions for habeas corpus may be granted only after other avenues of relief have been exhausted. 28 U.S.C. § 2254(b)(1)(A). See <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Prisoners suing under § 1983, in contrast, generally face a substantially lower gate, even with the requirement of the Prison Litigation Reform Act of 1995 that administrative opportunities be exhausted first. 42 U.S.C. § 1997e(a). <u>Heck</u>'s requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence. [FN1] There is no need to preserve the habeas exhaustion rule and no impediment

under Heck in such a case, of which this is an example. [FN2]"
Muhammad v. Close, 540 U.S.749, 750-752, 124 S.Ct. 1303, 1304-1305 (2004) (per curiam).

Thus, if petitioner intends to proceed upon a habeas petition challenging the validity of a prison disciplinary conviction, he must first exhaust state court remedies; if he intends to proceed on a claim for money damages in a civil rights action, he must first have the prison disciplinary conviction invalidated by way of a habeas petition. In either instance, he should file his action within the appropriate court, as noted above.

Petitioner will be given leave to amend his filing, but if any amended filing will be a challenge to the prison disciplinary conviction that occurred at CSP-Los Angeles, he should voluntarily dismiss this case and file any such petition within the Central District of California. If petitioner, should seek to amend this filing to proceed as plaintiff in a civil rights action in this division, he must, at a minimum, file an amended complaint which complies with Rule 8 of the Federal Rules of Civil Procedure.

Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, id. "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  This insufficiently coherent petition/complaint will be dismissed but plaintiff will be granted leave to amend.

Should petitioner elect to proceed in this court upon a civil rights action, he must name at least one individual defendant located within this federal court district (Eastern District) and division (Sacramento) and must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Suing the governor in a nominal or in a respondeat superior capacity will not suffice.  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  This filing will be dismissed but petitioner/plaintiff will be granted leave to amend.

Notwithstanding, with any amended filing, if petitioner/plaintiff intends to proceed in this court, he must also file an in forma pauperis affidavit or pay the required filing fee.  See 28 U.S.C. §§ 1914(a), 1915(a).  If petitioner/plaintiff is proceeding in a civil rights action, the filing fee is $350.00; if he is proceeding with a habeas corpus petition, the fee is $5.00.  Petitioner/plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee.

Accordingly, IT IS ORDERED that:

1. The petition/complaint is dismissed with leave to amend, as set forth above, within twenty-eight days, if petitioner/plaintiff intends to proceed in this court;

1        2. In addition, if he elects to proceed, petitioner/plaintiff must submit, within
2 twenty-eight days from the date of this order, an affidavit in support of his request to proceed in
3 forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee;
4        3. Petitioner/plaintiff's failure to comply with any part of this order will result in
5 a recommendation of dismissal of this action;
6        4. The Clerk of the Court is directed to send plaintiff a new Application to
7 Proceed In Forma Pauperis By a Prisoner.
8 DATED: August 26, 2010

          /s/ Gregory G. Hollows

          _____
          UNITED STATES MAGISTRATE JUDGE

GGH:009
trot2071.ord