IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROTTER, | Case No. 1:10-cv-01971 LJO JLT (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL |
| vs. | (Doc. 18) |
| ARNOLD SCHWARZENEGGER, | ORDER DENYING PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT |
| Defendant. | |
| _____/ | (Docs. 22, 25 & 27) |
| | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR LAW LIBRARY ACCESS BE DENIED |
| | (Doc. 21) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has several motions currently pending before the Court.

**I.  Motion to Appoint Counsel**

On December 15, 2010, Plaintiff filed a motion seeking the appointment of counsel. (Doc. 18.) Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and that the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional

1

circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotations and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well-versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. And, based on a review of the record in this case, the Court does not find that Plaintiff is unable to adequately articulate his claims.

Accordingly, for all the reasons set forth above, Plaintiff's motion for the appointment of counsel is **DENIED** without prejudice.

**II.    Motion for Entry of Default and Motions to Compel**

On February 16, 2011, Plaintiff filed a motion for entry of default. (Doc. 22.) In addition, on April 5, 2011 and June 3, 2011, Plaintiff filed motions styled as "motions to compel," wherein Plaintiff essentially asks the Court to enter default against Defendant. (See Docs. 25 & 27.) Plaintiff contends that Defendant has failed to answer his complaint and therefore the Court should enter judgment Plaintiff's favor on all his claims. (See Doc. 25 at 1.)

Plaintiff is advised that the Court is required to screen complaints in cases such as this one, in which a prisoner seeks redress from a governmental entity or officer. See 28 U.S.C. § 1915A(a). Until, and unless, the Court finds that the complaint states a cognizable claim, the defendants are not required to file an answer to the complaint. Here, the Court has yet to review Plaintiff's complaint and has yet to find that the complaint states a cognizable claim.[1]  Therefore, at this time, Defendant

---

[1] The Eastern District of California carries one of the highest caseloads in the United States. The Court will screen Plaintiff's complaint in due course.

is under no obligation to file an answer in this case.

Accordingly, Plaintiff's motions for entry of default are **DENIED**.

### III.    Motion for Law Library Access

On January 3, 2011, Plaintiff filed a motion for law library access.  (Doc. 21.)  Plaintiff is advised that federal courts are courts of limited jurisdiction and must have before it an actual case or controversy.  City of Los Angeles v Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Lyons, 461 U.S. at 102.  Therefore, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).

Here, Plaintiff asserts that T. Peterson is denying him access to the law library.  (Doc. 21 at 3.)  However, T. Peterson is not before the Court in this case, and therefore the Court has no power to issue injunctive relief from this individual.  See Zepeda, 753 F.2d at 727.  Accordingly, Plaintiff's motion for law library access should be **DENIED**.

### IV.    Conclusion

In accordance with the above, it is **HEREBY ORDERED** that:

1. Plaintiff's December 15, 2010 motion for the appointment of counsel (Doc. 18) is **DENIED** without prejudice;
2. Plaintiff's February 16, 2011 request for entry of default (Doc. 22) is **DENIED**;
3. Plaintiff's April 5, 2011 motion to compel (Doc. 25) is **DENIED**; and
4. Plaintiff's June 3, 2011 motion to compel (Doc. 27) is **DENIED**.

Also, it is **HEREBY RECOMMENDED** that:

1. Plaintiff's January 3, 2011 motion for law library access (Doc. 21) be **DENIED**.

These findings and recommendations are submitted to the assigned United States District Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.

A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 25, 2011**               **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE