IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROTTER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | Case No. 1:10-cv-01971 LJO JLT (PC)<br><br>**ORDER DIRECTING CLERK TO FILE THE THIRD AMENDED COMPLAINT**<br>(Doc. 13)<br><br>**ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>(Doc. 13) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.

**I.    Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims." *See* 28 U.S.C § 1915(a)-(b).  The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S.

25, 32-33 (1992).

To state a claim on which relief may be granted, plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A district court must liberally construe a pleading filed by a self-represented litigant to determine if it states a claim and, before dismissal, outline the deficiencies in the complaint and give the plaintiff an opportunity to amend unless the deficiencies cannot be cured. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Accordingly, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory. Neitzke, 490 U.S. at 327.

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

To plead under § 1983, Plaintiff must comply with Federal Rule of Civil Procedure 8(a)(2), which requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, Plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

1 on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting
2 Twombly, 550 U.S. at 570) (emphasis added).

## II.     The Complaint

Plaintiff filed this action in the Sacramento Division of this Court on August 4, 2010. (Doc. 1)  He filed his "amended complaint" on October 12, 2012 (Doc. 6) and his "Second Amended Complaint" on October 25, 2010.  (Doc. 11)  On November 8, 2010, Plaintiff lodged his Third Amended Complaint on November 8, 2010.  (Doc. 13)   After this, he has filed "supplemental" complaints (Doc. 15) and a "supplemental pleading."  (Doc. 15.)  Because the supplemental complaint and the supplemental pleadings do not appear to be complaints, the Court here screens Plaintiff's Third Amended Complaint.  (Doc. 13)

## III.    Analysis

In his third amended complaint, Plaintiff sets forth various conclusions—that he has suffered violations of his First, Sixth, Eighth, Fourteenth Amendments(Doc. 13 at 1)--and cites to various standards—that the Defendants knew Plaintiff faced a substantial risk of harm (Id. at2)— but fails to state in any understandable way what he claims occurred.   His complaint is virtually unintelligible.  It appears to be a recitation of various quotes from legal authorities but without any showing of how these authorities apply to his claims.

In addition, attached to the complaint is approximately 65 pages of documents.  (Doc. 1 at 5-68)  However, the documents have no discernible connection to the complaint nor does Plaintiff explain how they relate.  Instead, Plaintiff merely requests the Court take judicial notice of all of the documents. Id. at 3.  Because the complaint fails to state any causes of action or set forth the facts upon which Plaintiff seeks to impose liability, the complaint must be **DISMISSED**.

## IV.    Leave to Amend

Though the Court has grave concerns about Plaintiff's ability to state a cause of action, the Court will grant Plaintiff one final opportunity to attempt to do so.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

3

1    In his fourth amended complaint, Plaintiff must provide a **short, plain statement** that gives the defendant fair notice of what the Plaintiff's claim is and the facts upon which his claim rests. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). This means that Plaintiff must briefly describe who the Defendant is, what the Defendant did and how the Defendant's actions violated Plaintiff's rights. Each Defendant is only liable for the injuries that his/her own actions cause so the complaint must set forth the actions of each defendant, assuming Plaintiff intends to sue more than one person. Plaintiff is advised that he need not cite to legal authorities or attach exhibits to his complaint.

Plaintiff is cautioned that in his fourth amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the fourth amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

/////
/////
//////
/////
/////
/////
/////
/////

**V.     Conclusion**

In accordance with the above, it is HEREBY ORDERED that:

1. The Clerk of the Court is directed to file Plaintiff's Third Amended Complaint.

2. Plaintiff's Third Amended Complaint is DISMISSED;

3. Plaintiff is granted 30 days leave to file his amended complaint:

4. Plaintiff is warned that failure to comply with this order may result a recommendation that the matter be dismissed.

IT IS SO ORDERED.

Dated:   **June 6, 2012**                                    /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE