IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROTTER,<br><br>            Plaintiff,<br><br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>            Defendants. | Case No. 1:10-cv-01971 LJO JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION ORDER DISMISSING FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>(Doc. 36) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.

**I.        Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims." *See* 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

To state a claim on which relief may be granted, plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A district court must liberally construe a pleading filed by a self-represented litigant to determine if it states a claim and, before dismissal, outline the deficiencies in the complaint and give the plaintiff an opportunity to amend unless the deficiencies cannot be cured. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Accordingly, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory. Neitzke, 490 U.S. at 327.

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

To plead under § 1983, Plaintiff must comply with Federal Rule of Civil Procedure 8(a)(2), which requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, Plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting

1  <u>Twombly</u>, 550 U.S. at 570) (emphasis added).

2  **II.     The fourth amended complaint**

3  Plaintiff initiated this action in the Sacramento Division of this Court on August 4, 2010. (Doc. 1)  He filed his "amended complaint" on October 12, 2012 (Doc. 6) and his "Second Amended Complaint" on October 25, 2010.  (Doc. 11)  On November 8, 2010, Plaintiff lodged his Third Amended Complaint on November 8, 2010.  (Doc. 13)  After this, he has filed "supplemental" complaints (Doc. 15) and a "supplemental pleading." (Doc. 15.)  Because the supplemental complaint and the supplemental pleadings did not appear to be complaints, the Court screened the Third Amended Complaint (Doc. 13). (Doc. 35)

In that screening order, the Court advised Plaintiff that due to the dearth of factual allegations, it had no way of determining what claims he was asserting and found that the "complaint is virtually unintelligible.  It appears to be a recitation of various quotes from legal authorities but without any showing of how these authorities apply to his claims." (Doc. 35 at 3) Moreover, the Court advised Plaintiff that it could not make sense of the 65 pages of attachments to the complaint because he failed to explain their pertinence to it.  <u>Id</u>.  As a result, on June 6, 2012, the Court ordered the complaint dismissed but permitted Plaintiff to file a fourth amended complaint.  <u>Id</u>.

Now before the Court is another document entitled, "Third Amended Complaint With Leave to Amend." (Doc. 36)  Thus, once again, the Court screens this complaint but, refers to it as the fourth amended complaint, given the third amended complaint was dismissed.  (Doc. 35)

**III.    Analysis**

In his most current amended complaint, Plaintiff continues in his "stream-of-consciousness" manner of writing.  In doing so, he seems to assert various wrongful actions by the prison officials including stealing property, holding inmates beyond their release date, failing to provide adequate electrical outlets and to provide for the inmates to watch the news on television. (Doc. 36 at 2)  However, these assertions are not made in complete, comprehensible sentences and, once again, the Court cannot discern what, exactly, Plaintiff claims happened.  The complaint is unintelligible.  It is a series of "thoughts" without any linear connection and, though

he refrains from quoting legal authorities this time, he mentions legal authorities without showing how they apply.

Once again, because the complaint fails to state any causes of action or set forth the facts upon which Plaintiff seeks to impose liability, the Court recommends the complaint be **DISMISSED**.

**IV.     Conclusion**

In its earlier order, it advised Plaintiff that it would grant him "one final opportunity" to address the deficiencies set forth in its order; he has not done so.  As a result, the Court may only conclude that he lacks factual support for a cognizable claim. Thus, the Court finds that granting Plaintiff further leave to amend would be futile.  *See* Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (requiring leave to be granted to the extent deficiencies can be cured by amendment).

**V.      Findings and Recommendations**

For the reasons set forth above, the Court HEREBY **RECOMMENDS** Plaintiff's Fourth Amended Complaint be **DISMISSED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 21 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 13, 2012**           **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE